UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| DARRELL ATKINSON,<br>Petitioner | : | CIVIL NO. 3:03CV334(SRU) |
| v. | : | |
| JOHN J. ARMSTRONG<br>COMMISSIONER OF CORRECTION<br>Respondent | : | JANUARY 21, 2004 |

2004 JAN 22  P 1: 25

US DISTRICT COURT
BRIDGEPORT CT

### MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS MOTION TO DISMISS

The Respondent submits this memorandum of law pursuant to Local Rule 7(a).

**I.   PROCEDURAL HISTORY AND STATEMENT OF FACTS**

The procedural history and relevant statement of facts are as follows:

**A.   Petitioner's Conviction**

The petitioner was convicted by a jury of felony murder, in violation of Connecticut General Statutes § 53a-54c; robbery in the first degree, in violation of General Statutes § 53a-134; attempted assault in the first degree, in violation of General Statutes §§ 53a-8, 53a-49 and 53a-59; conspiracy to commit robbery in the first degree, in violation of General Statutes §§ 53a-48 and 53a-134(a)(4).[1] The petitioner appealed to the Supreme Court, challenging his convictions for claimed failure to receive <u>Miranda</u> warnings, that the trial court abused its discretion in joining the two separate informations for one trial. And for an unpreserved claim of prosecutorial misconduct. The Connecticut Supreme Court affirmed

---

[1] He was tried on a second information for escape in the first degree, assault in the second degree and possession of a weapon in a correctional institution. <u>State v. Atkinson</u>, 235 Conn. 748 (1996).

1

the defendant's convictions. State v. Atkinson, 235 Conn.748 (1996)

### B.    Petitioner's State Habeas Petition

The petitioner then filed a state habeas petition, alleging his conviction was illegal in that it was obtained in violation of his right to the effective assistance of trial counsel. Specifically, he claimed that counsel was ineffective for failing to call claimed alibi witnesses and he failed to impeach state's witnesses who attested to the defendant's presence at the scene.

A hearing was held, where the petitioner, his trial attorney, his girlfriend, and two other witnesses testified. The evidence adduced at trial and at the habeas hearing indicate first, that Conroy had represented the petitioner before, and that the petitioner had asked him to serve as counsel again. Second, because the petitioner had admitted to the police that he had been at the scene of the shooting, Conroy stated that he felt the first strategy was to suppress the statements given to police. When he was unsuccessful in suppressing the statement, Conroy felt that it would be damaging to his client to present alibi witnesses who would be contradicting the petitioner's own statements that he was, in fact, at the scene at the time of the crimes. Conroy also had reservations about the testimony of the petitioner's girlfriend.

In denying the petition, the state habeas court concluded that Conroy's decision not to call alibi witnesses was a reasonable professional judgment, and that he was not ineffective.

The Appellate Court dismissed the petitioner's appeal in a per curiam decision. dated November 27, 2001. Atkinson v. Commissioner, 67 Conn. App. 962 (2992).The petitioner filed a petition for certification to the Connecticut Supreme Court; however,

certification was denied. <u>Atkinson v. Commissioner</u>, 259 Conn. 929 (2002). The petitioner sought certiorari with the United States Supreme Court. His writ was denied on June 1, 2002. Accordingly, the petitioner has exhausted his state remedies.

### C.    Petitioner's Federal Habeas Petition

On July 23, 2003[2], the petitioner filed an amended federal habeas petition containing only one claim: that he received deficient representation during his habeas trial, in violation of his Sixth and Fourteenth Amendment constitutional protections. He bases his claim on the fact that, at the conclusion of the habeas hearing, the trial court instructed counsel to file a post-trial memorandum; however, counsel failed to do so. As a result, petitioner claims his counsel failed to put forth an adequate defense. He claims he raised this issue by a post-conviction motion or petition for habeas corpus in a state trial court (see petitioner's petition at 6-7).

### II.    ARGUMENT

**Because the petitioner does not allege a violation of the United States Constitution, the petitioner's claim must be dismissed**

The petitioner claims that he "received deficient legal representation during his habeas trial, in violation of 6th Amendment and 14th Amendment theories." He relies upon the following as supporting facts:

"At the conclusion of the habeas trial, the court instructed the defendant's counsel to file a post-trial memorandum. Counsel failed to do so, thus impairing the defendant's putting forth an adequate defense." Amended petition at 6.

---

[2] The petitioner had filed a petition dated February 17, 2003, filed with this Court on February 26, 2003.

Pursuant to 28 U.S.C. §2254, a state prisoner may bring an application for a writ of habeas corpus in federal courts, limited to claiming that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." In this case, however, the petitioner's claim is based on performance of counsel in his state habeas proceedings. It is well-established, however, that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991); Pennsylvania v. Finley, 481 U.S. 551(1987). In Finley, the United States Supreme Court rejected respondent's belief that "right to counsel" can have only one meaning, no matter what the source of that right. It explained: "the fact that the defendant has been afforded assistance of counsel in some form does not end the inquiry for federal constitutional purposes. Rather, it is the source of that right to a lawyer's assistance, combined with the nature of the proceedings, that controls the constitutional question. In this case, *respondent's access to a lawyer is the result of the State's decision, not the command of the United States Constitution.* We think that the analysis we followed in Ross forecloses respondents's constitutional claim. . . Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. . . States have no obligation to provide this avenue of relief and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well. "481 U.S. at 556-57(emphasis added).

Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. Wainwright v. Torma, 455 U.S. 586 (1982). See also Murray v. Giarratano, 492 U.S. 1(1989)( no federal right to counsel for postconviction proceedings

4

even in death penalty cases).Consequently, petitioner in this case cannot claim constitutionally ineffective assistance of counsel in such proceedings when he is not entitled to counsel under the federal constitution. Absent a constitutional right to counsel, the petitioner's claim of ineffective assistance concerning habeas counsel is not cognizable as a federal claim pursuant to 28 U.S.C. §2254. His petition must, therefore, be dismissed.

Respectfully submitted,

Respondent

By: _____
RITA M. SHAIR
Senior Assistant State's Attorney
Appellate Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT 06067
Telephone (860)258-5807
Fax no. (860)258-5828
Federal bar no. ct01718

**CERTIFICATION**

I hereby certify that a copy of this document was mailed, postage prepaid to Richard Marquette, Esq., Special Public Defender, 94 Prospect Street, New Haven, CT 06511 telephone no.(203) 784-0326, facsimile no. (203) 624-5321 on January 21, 2004.

_____
RITA M. SHAIR
Senior Assistant State's Attorney