FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 APR 16  A 11: 58

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| DARRELL ATKINSON,<br>PETITIONER | : CIVIL NO. 3:03 CV 334 (SRU)<br>: |
| VS. | : |
| JOHN J. ARMSTRONG,<br>RESPONDENT | :<br>: APRIL 14, 2004 |

**PETITIONER'S OPPOSITION AND MEMORANDUM IN SUPPORT
OF OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

Pursuant to Local Rule 7(a), Petitioner submits this Memorandum in Opposition to the State's Motion to Dismiss his Federal habeas corpus petition.

For a procedural history of this case, see Respondent's Memorandum of Law In Support of Respondent's Motion to Dismiss (dated January 21, 2004).

**SECTION 1:**

It is respectfully submitted that it is Respondent who has ignored well established principles of habeas corpus review. The Supreme Court in *Sumner v. Mata, 449 U.S. 539 at 547-48 (1961)* expressly validated this Court's standard of habeas corpus review as enunciated in *Taylor v. Lombard, 606 F.2d 371 at 375 (2d Cir. 1979)*, which in turn had relied upon *Napue v. Illinois, 360 U.S. 264 at 271-72 (1959)*, wherein the Supreme Court

ORAL ARGUMENT IS NOT REQUESTED.

1

stated that "the duty rests on this court to decide for itself facts or constructions upon which federal constitutional issues rest" and thus that "(t)he duty of this Court to make its own independent examination of the record when federal constitutional deprivations are alleged is clear . . . ." (emphasis added).

It is fundamental jurisprudence that a petition for writ of habeas corpus raises two distinct questions:

(1) Has the petitioner, without violating any procedural requirements such as exhausting available state remedies, established a claim of the violation of a federal constitutional right and, if so,

(2) Was that established violation harmless error under the appropriate standard for gauging same?

The Respondent's moving papers purposefully blurs the important differences between those two questions and thus confuses the issues by pretending that procedural rules or requirements pertaining to the establishment of the claim somehow also apply to the harmless error analysis. One purpose of this Memorandum is to clarify that aspect which the Respondent has intentionally confused.

One of the procedural hurdles facing a state prisoner applying for a writ of habeas corpus is that said prisoner must ordinarily exhaust available state remedies regarding his claim. See, e.g., *Castilla v. Peoples*, 489 U.S. 346 (1989). That means, as explained by this court in *Dave v. Attorney General of New York*, 696 F.2d 186 (2d Cir. 1982 en banc), that the claim must have been fairly presented both factually and legally to the highest available state court. Petitioner's claim is that he was deprived of the fundamentally fair

2

trial guaranteed to him by the Fourteenth Amendment by his own trial counsel's failure to file a post-trial brief as instructed by the trial judge. It is clear beyond cavil that he has "exhausted" that claim.

## SECTION 2:

Federal habeas corpus statutes are generally vague regarding their scope and application. Title 28 U.S.C. § 2241(a) provides that federal courts may grant habeas corpus relief. 28 U.S.C. § 2243 states that a federal court entertaining a petition for writ of habeas corpus shall "hear and determine the facts, and dispose of the matter as law and justice." 28 U.S.C. § 2254(b) and (c) embodies the comity principle that ordinarily a state prisoner seeking federal habeas corpus relief must have exhausted available state remedies on a given "claim." This requirement is met if the habeas petitioner has "fairly presented" his "claim" to the highest state court on direct appeal. *Picard v. Connor, 404 U.S. 270 (1971) Wilwording v. Swenson, 404 U.S. 249 (1971).* Cleveland Haase clearly exhausted his available state remedies regarding his "claim" as raised herein by appealing to the Connecticut Supreme Court. It must be emphasized, in light of arguments made by the Appellee, that while a habeas corpus petitioner must avoid "procedural barriers" to federal habeas corpus relief such as exhaustion of state remedies in the course of establishing his "claim" of the infringement of a constitutional right, once that claim is established and the issue becomes whether the infringement was harmless error, that de novo federal analysis is "on the whole record." *See Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986).*

3

As stated by the United States Supreme Court, "(t)he [federal habeas corpus] statute says nothing about the standard for harmless-error review in habeas cases." *Brecht v. Abrahamson, 507 U.S. 619, 631 (1993)*. When the inquiry shifts from whether the "claim" of constitutional error has been properly preserved and established to whether said constitutional error was harmless, a habeas petitioner is free to point to any record fact to support his position that the error was not harmless regardless of whether that fact was pointed out to, or discussed by, the state supreme court.

## CONCLUSION

Based on the foregoing, the Petitioner requests that this Court deny the Respondent's Motion to Dismiss.

RESPECTFULLY SUBMITTED,
PETITIONER

By: /s/ *signature*
Richard C. Marquette, Esq. ct 07585
Law Offices of Paul E. Farren, Jr., P.C.
94 Prospect Street
New Haven, CT 06511
(203) 784-0326
Juris No. 400556

## CERTIFICATION

I hereby certify that a copy of the document was mailed, postage prepaid, to:

Rita Shair, Esq.
Senior Assistant State's Attorney
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, CT 06067

Darrell Atkinson
Garner Correctional Institution
5500 Nanuwauk Road
Newtown, Connecticut

April 14, 2004

Richard C. Marquette, Esq.