UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRELL ATKINSON,                  :
    Petitioner,                        :
                                       :          CIVIL ACTION NO.
    v.                                 :          3:03cv334 (SRU)
                                       :
JOHN J. ARMSTRONG,                 :
    Respondent.                        :
                                       :
                                       :

**RULING ON RESPONDENT'S MOTION TO
DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Darrell Atkinson petitioned the court for a writ of habeas corpus on July 8, 2003.[1]

Respondent, John J. Armstrong, the Connecticut Commissioner of Correction, moved to dismiss

the petition on January 22, 2004 for failure to allege a constitutional violation.  For the reasons

set out below, Armstrong's motion (doc. # 16) is granted.

**I.      Background**

Atkinson was convicted in state court of six criminal charges.  A jury found him guilty of

felony murder in violation of Conn. Gen. Stat. § 53a-54c, robbery in the first degree in violation

of Conn. Gen. Stat. § 53a-8 and 53a-134(a)(4), conspiracy to commit robbery in the first degree

in violation of Conn. Gen. Stat. § 53a-48 and 53a-134(a)(4), attempted assault in the first degree

in violation of Conn. Gen. Stat. § 53a-8, 53a-49 and 53a-59(a)(1), escape in the first degree in

violation of Conn. Gen. Stat. § 53a-169(a)(1), and assault in the second degree in violation of

Conn. Gen. Stat. § 53a-60(a)(5).  He was acquitted of the charge of possession of a weapon in a

---

[1] The July 8, 2003 petition amended the initial February 26, 2003 petition.

correctional institution.

Atkinson appealed his convictions to the Supreme Court of Connecticut on grounds of failure to provide adequate <u>Miranda</u> warnings and prosecutorial misconduct. The judgment was affirmed. Atkinson then filed a state habeas petition claiming ineffective assistance of counsel for failure to call a potential alibi witness and failure to impeach a state's witness who placed Atkinson at the scene of the crime. That petition was denied. The court found that the attorney exercised reasonable professional judgment. On appeal, the Appellate Court affirmed and the Connecticut Supreme Court denied Atkinson's petition for certification. Atkinson now seeks habeas relief in federal court alleging deficient representation during his state habeas trial stemming from his attorney's failure to file a post-trial memorandum as the judge had directed. He claims this failure is a violation of his Sixth and Fourteenth Amendment rights.

## II.     Legal Standard

The court should grant a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. Spalding</u>, 467 U.S. 69, 73 (1984) (citation omitted); <u>see</u> <u>also</u> <u>Cohen v. Koenig</u>, 25 F.3d 1168, 1172 (2d Cir. 1994). The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." <u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d 774, 779 (2d Cir. 1984) (quoting <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980)). The court must therefore accept the material facts alleged in the complaint as true, and all reasonable inferences are drawn and viewed in a light

most favorable to the plaintiff.  See Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); Staron v.

McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995); Skeete v. IVF America, Inc., 972 F. Supp.

206, 207 (S.D.N.Y. 1997).

**III.    Discussion**

Armstrong argues that the petition must be dismissed on grounds that Atkinson fails to

allege a cognizable constitutional violation.  Federal courts "shall entertain an application for a

writ of habeas corpus in behalf of a person in state custody pursuant to the judgment of a State

court only on the ground that he is in custody in violation of the Constitution or laws or treaties

of the United States."  28 U.S.C. § 2254(a).  Thus, petitions made pursuant to 28 U.S.C. §

2254(a) must allege a violation of federal law.

Atkinson seeks a federal writ of habeas corpus on ground that his counsel was ineffective

during the state habeas proceedings.  The Supreme Court has established that, in the absence of a

constitutional right to the assistance of counsel, there can be no claim for a constitutional

violation on the basis of ineffective assistance of counsel.  Wainwright v. Torma, 455 U.S. 586,

587-88 (1982).  In addition, the Court has described postconviction proceedings as "civil in

nature" and noted that when individuals seek to collaterally attack their sentences, "the

fundamental fairness mandated by the Due Process Clause does not require that the State supply

a lawyer."  Pennsylvania v. Finley, 481 U.S. 551, 556-557 (1987).

The Court has expressly held that "[t]here is no constitutional right to an attorney in state

post-conviction proceedings . . . .  Consequently, a petitioner cannot claim constitutionally

ineffective assistance of counsel in such proceedings."  Coleman v. Thompson, 501 U.S. 722,

752 (1991) (citing <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987); <u>Murray v. Giarratano</u>, 492 U.S.

1 (1989) (applying the rule to capital cases)).  Atkinson seeks habeas relief on the basis of rights

not secured to him by federal law, therefore no relief can be granted to him under any set of facts

consistent with his allegations.  His petition must therefore be denied.


**IV.     Conclusion**

For the aforementioned reasons, Armstrong's motion to dismiss (doc. # 16) is

GRANTED.  The clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of September 2004.


> _/s/ Stefan R. Underhill_
> Stefan R. Underhill
> United States District Judge